No. 13-3556

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

_____

**PATRICIA FREEMAN,**

**Plaintiff-Appellant,**

v.

**WYETH, INC. and WYETH PHARMACEUTICALS, INC.,**

**Defendants-Appellees.**

_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

_____

**BRIEF OF APPELLEES**

WILLIAMS & CONNOLLY LLP

   F. Lane Heard III
   Tanya M. Abrams
   725 12th Street, NW
   Washington, DC 20005-5901
   (202) 434-5000

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, PLLC

   Lyn P. Pruitt
   425 West Capitol Avenue
   Suite 1800
   Little Rock, AR 72201-3525
   (501) 688-8800

*Attorneys for Appellees Wyeth, Inc. and Wyeth Pharmaceuticals, Inc.*

## SUMMARY OF THE CASE

This is an appeal from the district court's denial of a motion to vacate dismissal of one of the few remaining cases in *In re Prempro Products Liability Litigation*, the multidistrict litigation ("MDL") consolidated before Judge Billy Roy Wilson in 2003 and now almost completed. Both by court order and a memorandum from the clerk of court, counsel for Plaintiff-Appellant Patricia Freeman was directed to register to receive notice of electronic filings in the Eastern District of Arkansas. He never did so in the more than four years Ms. Freeman's case was pending in the MDL proceedings. When the district court ordered Ms. Freeman to submit an updated medical authorization necessary for Defendants-Appellees Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. ("Wyeth") to conduct case-specific discovery, she failed to respond. The district court then dismissed the case for want of prosecution, as it had warned it might do, and as it has done in other MDL cases when plaintiffs failed to submit updated medical authorizations on a timely basis. Ms. Freeman's counsel did not move to vacate the dismissal for nine months.

Appellate Case: 13-3556    Page: 2    Date Filed: 02/10/2014 Entry ID: 4122453

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Local Rule 26.1A, Wyeth provides the following information:

The "Wyeth" Defendants, variously named "Wyeth" and also known as "Wyeth, Inc.," its division "Wyeth Pharmaceuticals," now known as Wyeth LLC (including its Wyeth Pharmaceuticals division) and its subsidiary "Wyeth Pharmaceuticals Inc.," are indirect wholly owned subsidiaries of Pfizer Inc. Pfizer Inc. has no parent corporation, and no publicly held company owns 10% or more of Pfizer Inc.'s stock.

# TABLE OF CONTENTS

SUMMARY OF THE CASE ................................................................. ii

CORPORATE DISCLOSURE STATEMENT ...................................... iii

TABLE OF AUTHORITIES ................................................................. v

STATEMENT OF THE ISSUES ............................................................ 1

STATEMENT OF THE CASE ............................................................... 2

SUMMARY OF THE ARGUMENT ..................................................... 7

STANDARD OF REVIEW ................................................................. 11

ARGUMENT ..................................................................................... 11

I.    The District Court Did Not Abuse Its Discretion in Denying
      Ms. Freeman's Motion to Vacate the Dismissal on Grounds of
      "Excusable Neglect." ............................................................... 11

      A.    Ms. Freeman Has Given No Good Reason for the Several
            Delays in Registering for CM-ECF, Supplying an Updated
            Authorization, and Moving to Vacate the Dismissal. ......... 13

            1.    Only extreme carelessness can explain counsel's
                  failure to read and heed the district court's order to
                  register. ................................................................ 14

            2.    It was not reasonable to believe that CM-ECF
                  registration in the Southern District of New York was
                  sufficient. .............................................................. 16

            3.    Counsel's failure to register was not Liaison
                  Counsel's fault. ...................................................... 17

            4.    Counsel's failure to register was not Wyeth's fault. ... 18

      B.    Ms. Freeman's Delay Prejudiced Wyeth. ......................... 20

      C.    Ms. Freeman's Conduct Did Not Reflect Good Faith. ....... 21

II.   Failure to Receive Notice Does Not Justify Rule 60 Relief Where
      It Results from Disregard of Court Orders and Inattention to the
      Case. ...................................................................................... 22

CONCLUSION ................................................................................. 23

CERTIFICATE OF COMPLIANCE ................................................... 25

Appellate Case: 13-3556     Page: 4     Date Filed: 02/10/2014 Entry ID: 4122453

# TABLE OF AUTHORITIES

## Federal Cases

*Boyle v. Am. Auto Serv., Inc.*, 571 F.3d 734 (8th Cir. 2009) ...................................11

*Browning v. President Riverboat Casino-Missouri, Inc.*, 139 F.3d 631 (8th Cir. 1998).........................................................................................................19

*Cavalliotis v. Salomon*, 357 F.2d 157 (2d Cir. 1966) .........................................1, 22

*Feeney v. AT & E, Inc.*, 472 F.3d 560 (8th Cir. 2006)........................................1, 20

*Garrison v. Int'l Paper Co.*, 714 F.2d 757 (8th Cir. 1983) ....................................12

*Gaydos v. Guidant Corp. (In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.)*, 496 F.3d 863 (8th Cir. 2007) ..........passim

*Heth v. Wyeth (In re Prempro Prod. Liab. Litig.)*, 423 F. App'x 659 (8th Cir. 2011) (per curiam)..................................................................1, 2, 8, 12

*Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117 (8th Cir. 1997) ...................................................................................................................14

*Int'l Bhd. of Elec. Workers v. Hope Elec. Corp.*, 293 F.3d 409 (8th Cir. 2002) .....................................................................................................................11

*Kirkland v. Wyeth*, 591 F.3d 613 (8th Cir. 2010) .....................................................2

*Klapprott v. United States*, 335 U.S. 601 (1949)....................................................23

*Kuhn v. Wyeth*, 686 F.3d 618 (8th Cir. 2012)............................................................2

*Lord v. Helmandollar*, 348 F.2d 780 (D.C. Cir. 1965)...........................................23

*Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457 (8th Cir. 2000) .............1, 13, 20

*Noah v. Bond Cold Storage*, 408 F.3d 1043 (8th Cir. 2005) (per curiam) .....................................................................................................................10

*Pierre v. Bernuth, Lembcke Co.*, 20 F.R.D. 116 (S.D.N.Y. 1956) .........................23

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)..................................................................................................................13

v

*Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538 (2d Cir. 1963) ................................................................................................22

*Rick v. Wyeth*, 662 F.3d 1067 (8th Cir. 2011) ........................................................2

*Roark v. City of Hazen*, 189 F.3d 758 (8th Cir. 1999)............................................11

*Rush v. Wyeth*, 514 F.3d 825 (8th Cir. 2008)...........................................................2

*Scroggin v. Wyeth*, 586 F.3d 547 (8th Cir. 2009) .....................................................2

## Other Authorities

Federal Rule of Civil Procedure 60(b)............................................................passim

Appellate Case: 13-3556     Page: 6     Date Filed: 02/10/2014 Entry ID: 4122453

## STATEMENT OF THE ISSUES

1.  Did the district court abuse its discretion in denying Ms. Freeman's motion to vacate dismissal of her case where: (a) the district court set a deadline for Ms. Freeman to provide an updated medical authorization pursuant to long-established procedures for case-specific discovery in the MDL proceeding, (b) she failed to provide the authorization by the deadline because her counsel was unaware of the order and deadline, and (c) her counsel was unaware because he failed for more than four years to comply with the court's order to register to receive electronic notice of filings in her case? *Heth v. Wyeth (In re Prempro Prod. Liab. Litig.)*, 423 F. App'x 659, 660–61 (8th Cir. 2011) (per curiam); *Gaydos v. Guidant Corp. (In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.)*, 496 F.3d 863, 866 (8th Cir. 2007); *Feeney v. AT & E, Inc.*, 472 F.3d 560, 563 (8th Cir. 2006); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

2.  Does counsel's four-year long failure to comply with the district court's order to register to receive electronic notice of filings in her case entitle her to relief from dismissal for want of prosecution on the ground of lack of notice? *Heth v. Wyeth (In re Prempro Prod. Liab. Litig.)*, 423 F. App'x 659, 660–61 (8th Cir. 2011) (per curiam); *Cavalliotis v. Salomon*, 357 F.2d 157, 159 (2d Cir. 1966).

1

## STATEMENT OF THE CASE

This appeal involves one of the nearly 8,000 hormone replacement therapy cases that the Judicial Panel on Multidistrict Litigation ordered consolidated before Judge Billy Roy Wilson of the Eastern District of Arkansas for purposes of discovery and other pretrial proceedings.[1]  By the time Judge Wilson ordered Ms. Freeman to provide an updated medical authorization in late 2012, however, there were less than 1,000 cases remaining.  And, by the time Judge Wilson dismissed her case less than three months later for failure to provide the authorization, there were less than 150 cases remaining.  There are now less than a dozen.

Ms. Freeman sued Wyeth in New York Supreme Court in 2009.  Wyeth promptly removed the case to the United States District Court for the Southern District of New York, and the Judicial Panel of Multidistrict Litigation shortly thereafter ordered transfer of the case to the Eastern District of Arkansas as part of the ongoing *In re Prempro Products Liability Litigation*, MDL-1507, created in 2003.

---

[1]  This Court is well acquainted with the general course of the *In re Prempro* MDL proceedings, as this case is the latest of several to have come before it on appeal in recent years.  *See Kuhn v. Wyeth*, 686 F.3d 618 (8th Cir. 2012); *Rick v. Wyeth*, 662 F.3d 1067 (8th Cir. 2011); *Heth v. Wyeth*, 423 F. App'x 659 (8th Cir. 2011) (per curiam); *Kirkland v. Wyeth*, 591 F.3d 613 (8th Cir. 2010); *Scroggin v. Wyeth*, 586 F.3d 547 (8th Cir. 2009); *Rush v. Wyeth*, 514 F.3d 825 (8th Cir. 2008).

Appellate Case: 13-3556     Page: 8     Date Filed: 02/10/2014 Entry ID: 4122453

The clerk of court for the Eastern District of Arkansas opened an individual docket for the *Freeman* case associated with MDL-1507 on May 12, 2009. Wyeth App. 8.[2] The clerk of court also straightaway filed in the docket a memorandum to the parties' counsel regarding electronic filing. Pl. App. 79 ("Transfer Memorandum"). The Transfer Memorandum included a registration form for the Case Management/Electronic Case Files ("CM-ECF") system in the Eastern District of Arkansas and directed counsel as follows:

> If you have not previously registered for electronic filing in the Eastern District of Arkansas, you must complete the enclosed Electronic Case Filing Registration Form and submit it to the Clerk's office. Attorneys who do not register for electronic filing will not receive notices of electronic filing, nor will they receive hard copies of orders. *(See Judge Wilson's Order of September 19, 2005.)*

*Id.* Judge Wilson's Order of September 19, 2005 said:

> Again, *all* counsel (including local counsel in individual cases who appear on docket sheets transferred to the Eastern District of Arkansas) *must* register on CM-ECF.
>
> . . .
>
> You are once again fully advised in the premises, and, if you do not register, you will not receive notices of electronic filing, nor will you receive hard copies of orders.

---

[2]  We refer throughout to the Brief for Plaintiff-Appellant Patricia Freeman as "Pl. Brief," to Plaintiff-Appellant's Appendix as "Pl. App.," and to Defendants-Appellees' Appendix as "Wyeth App."

Appellate Case: 13-3556     Page: 9     Date Filed: 02/10/2014 Entry ID: 4122453

All counsel are *directed* to register, here and now.

Wyeth App. 1 (emphasis in original). The Order, like the Transfer Memorandum, included a CM-ECF registration form for the Eastern District of Arkansas. *Id.* at 3.

Ms. Freeman's counsel, Attorney Nicholas Timko, had not previously registered for electronic filing in the Eastern District of Arkansas. He did not do so in May 2009, when Ms. Freeman's case was transferred to the MDL proceeding, however, nor did he do so at any time in the next four years while her case remained pending there. Mr. Timko only registered on CM-ECF for the Eastern District of Arkansas in October 2013, nine months after the district court had dismissed the *Freeman* case, when he filed a motion to vacate the dismissal.

Mr. Timko failed to comply with the district court's order and the clerk's directive despite the fact that he admittedly monitored the docket. Pl. Brief 4 ("During that time [May 13, 2009 to November 16, 2012], the undersigned monitored the docket."). The clerk's Transfer Memorandum is the third entry on the case docket, which even now has only 18 entries. Wyeth App. 9.

Mr. Timko also failed to comply with the district court's order and the clerk's directive despite the fact that, in 2010, he received a letter from Wyeth's counsel advising him that Ms. Freeman was delinquent in providing a court-ordered "Fact Sheet" and medical authorization and citing two court orders. Pl. App. 155. Although Mr. Timko was apparently unaware of the orders, the letter

4

did not cause him to review the docket more carefully to learn what other orders he might be unaware of.

Judge Wilson authorized extensive generic discovery applicable to all cases beginning in the second half of 2003. In 2005, he permitted limited case-specific discovery as to representative plaintiffs selected for bellwether trials. Three such trials were held between August 2006 and February 2008. In 2007, Judge Wilson issued Practice and Procedure Order No. 9 ("PPO-9"), which permitted case-specific discovery for designated plaintiffs. Wyeth App. 4. Over the next several years, Judge Wilson issued further PPO-9 orders, each of which, as a general practice, designated several hundred plaintiffs and directed the parties to complete discovery in nine months.

On November 16, 2012, Judge Wilson issued another in this series of PPO-9 orders which designated Ms. Freeman's action for case-specific discovery. Pl. App. 83–89. As was true for previous PPO-9 orders, this order directed Ms. Freeman "to provide Defendants with updated medical authorizations within three weeks of the date of this order," and warned, "***Failure to do so may result in dismissal for failure to prosecute***." *Id.* at 83 (emphasis added).

Ms. Freeman failed to provide an updated medical authorization as ordered. Wyeth waited for a month after the deadline had passed, then moved to dismiss the case. Pl. App. 90. Ms. Freeman did not respond, and, on January 28, 2013, the

5

district court granted Wyeth's motion and dismissed Ms. Freeman's case for failure to prosecute, as it had given warning it would do, and as it has done in other cases. Pl. App. 95; *see* Wyeth App. 11–28 (orders granting dismissal in *Barnes v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / E.D. Ark. 4:10-cv-00982-BRW); *Clark v. Pfizer* (E.D. Ark. 4:03-cv-01507 BRW / E.D. Ark. 4:10-cv-01882-BRW); *Dickens v. Pfizer* (E.D. Ark. 4:03-cv-01507 BRW / E.D. Ark. 4:10-cv-01882-BRW); *Erickson v. Pharmacia & Upjohn Company LLC et al.* (E.D. Ark. 4:03-cv-01507 BRW / E.D. Ark. 4:08-cv-03065-BRW); *Herring v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / E.D. Ark. 4:08-cv-04123-BRW); *Horner v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / E.D. Ark. 4:11-cv-00297-BRW); *Rushing v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / E.D. Ark. 4:08-cv-03009-BRW); *West v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / E.D. Ark. 4:08-cv-03641-BRW); *Brown v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / 4:04-cv-00056 BRW); *Gill v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / 4:03-cv-00351 BRW); *Hinton v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / 4:10-cv-00375 BRW); *Miller v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / 4:08-cv-00822 BRW); *Moore v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / 4:08-cv-02966 BRW); *Kibodeaux v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / 4:05-cv-00647 BRW); *Olivotto v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / 4:04-cv-01435 BRW); *Simmons v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / 4:04-cv-01115 BRW) ; *Valois*

*v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / 4:05-cv-00594 BRW); *Whitus v. Wyeth* (E.D. Ark. 4:03-cv-01507 BRW / 4:04-cv-00074 BRW)).

Nearly nine months later, Ms. Freeman moved under Federal Rule of Civil Procedure 60(b)(1) ("excusable neglect") to vacate the dismissal and reopen the case. Pl. App. 97–105. Mr. Timko at the same time finally registered for CM-ECF filing in the Eastern District of Arkansas. Ms. Freeman argued that her failure to respond to the district court's discovery order, and to Wyeth's motion to dismiss, was due to "the failure of e-mail notification procedures and local plaintiffs' liaison to properly inform." Pl. App. 102. She told the district court that "[w]e do not attribute any filing quirks to the bad faith of Defendants, nor do we challenge their veracity; rather, we seek only to show that while ECF and emails enhance efficiency, they do not eliminate mistakes. . . ." Pl. App. 211. Noting the Transfer Memorandum's clear directive and the record evidence that Mr. Timko "was aware or should have been aware" of the order to register, the district court denied the motion to vacate. Pl. App. 221.

## SUMMARY OF THE ARGUMENT

In denying Ms. Freeman's motion to vacate the dismissal of her case for failure to prosecute, the district court acted well within its discretion. Through a series of regularized Practice and Procedure Orders over a period of more than three years, the court had required plaintiffs whose cases were designated for

7

discovery to provide updated medical authorizations. The court had warned repeatedly that failure to comply could result in dismissal for failure to prosecute. Indeed, it had done so in one case, *Heth v. Wyeth*, in which the dismissal and refusal to reinstate the case was appealed and in which this Court affirmed the dismissal, stating: "In consideration of the discretion given district courts to administer MDL cases and in light of facts demonstrating derelict oversight of this case by [plaintiffs'] counsel, the district court did not abuse its discretion when it dismissed this action for failure to prosecute." *Heth v. Wyeth (In re Prempro Prod. Liab. Litig.)*, 423 F. App'x 659, 661 (8th Cir. 2011) (per curiam).[3] The decision in *Heth* came more than one year before the district court designated Ms. Freeman's case for discovery and ordered her to provide an updated authorization.

The same reasoning applies here. Ms. Freeman failed to comply with the district court's order to provide an updated authorization – the same order at issue in *Heth* – and the failure was due to her counsel "derelict oversight" of the case. *Id.* at 661. The clerk of court filed a memorandum in the docket that instructed Mr. Timko to register for electronic filing with the Eastern District of Arkansas. That memorandum also referred him to a 2005 order of the court requiring counsel to do

---

[3] Pursuant to Fed. R. App. P. 32.1 and Local Rules 28A and 32.1A, we cite the unpublished decision in *Heth v. Wyeth* for its persuasive value on a material issue in this appeal, as the decision addressed a dismissal for failure to comply with discovery orders in the same multidistrict litigation at issue here.

Appellate Case: 13-3556     Page: 14     Date Filed: 02/10/2014 Entry ID: 4122453

so, and stating the requirement emphatically – "*all* counsel . . . *must* register on CM-ECF" and, again, "All counsel are *directed* to register, here and now." Wyeth App. 1 (emphasis in original). Mr. Timko disregarded this two-fold directive for **four years**.

His failure to comply is inexplicable, for his brief in this Court admits that he monitored the docket in Ms. Freeman's case. There was no missing the district court's order, for the order was only the third entry on the docket. Pl. App. 153. Apart from his admission that he **did** monitor the docket, however, Mr. Timko had a duty to monitor the docket. Had he done so with any level of care, he would have been on notice of the district court's order to register on CM-ECF.

Because Mr. Timko was derelict in giving even the most basic attention to what was happening in his client's case, the Court need not even consider his excuses. But the excuses are makeweight. First, no experienced counsel could reasonably believe that, because he had registered on CM-ECF in one district, he would receive electronic service of filings and orders in a different district. Second, Plaintiffs' Liaison Counsel in the MDL proceedings was not responsible for notifying Mr. Timko (or the hundreds of other MDL plaintiffs' counsel) about activity on the docket of their individual cases. Liaison Counsel's duty was limited to apprising plaintiffs' counsel of developments that applied to all cases. Third, counsel for Wyeth is most certainly not responsible for Mr. Timko's failings.

Appellate Case: 13-3556     Page: 15     Date Filed: 02/10/2014 Entry ID: 4122453

Although Ms. Freeman now claims that Wyeth engaged in "'Rambo' litigation tactics" and made a "deliberate choice" not to serve her counsel,[4] she told the district court just the opposite. In moving to vacate the dismissal order, Ms. Freeman's reply brief said, "[w]e do not attribute any filing quirks to the bad faith of Defendants, nor do we challenge their veracity . . . ." Pl. App. 211.

For these reasons, the district court properly dismissed the action when Ms. Freeman failed to comply with its order to submit an updated medical authorization. It is settled, however, that "[a]n appeal from the denial of a Rule 60(b) motion does not raise the underlying judgment for our review but only the question of whether the district court abused its discretion in ruling on the Rule 60(b) motion." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (per curiam).[5] Because Ms. Freeman appeals only the denial of her motion to vacate dismissal, *see* Pl. Brief 1, her burden to show an abuse of discretion is even greater. As this Court recognized in *Heth*, Judge Wilson had considerable discretion to dismiss the case of a plaintiff who failed to comply with MDL-wide

---

[4] Pl. Brief 11, 25.

[5] *Accord*, *Gaydos v. Guidant Corp. (In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.)*, 496 F.3d 863, 866 (8th Cir. 2007) ("The Gaydoses appeal the district court's denial of their motion for relief under Rule 60(b). The Gaydoses do not appeal the underlying Rule 41(b) dismissal; therefore, we only consider the district court's refusal to set aside the dismissal order.").

Appellate Case: 13-3556     Page: 16     Date Filed: 02/10/2014 Entry ID: 4122453

discovery orders. He did not abuse his discretion in dismissing this case, like *Heth*, and even less did he abuse his discretion in denying Ms. Freeman's tardy motion to vacate the dismissal.

## STANDARD OF REVIEW

"The denial of a Rule 60(b) motion is reviewed for an abuse of discretion." *Gaydos*, 496 F.3d at 866. Where properly subject to appellate review, a dismissal for failure to prosecute is reviewed for abuse of discretion. *See Boyle v. Am. Auto Serv., Inc.*, 571 F.3d 734, 742 (8th Cir. 2009).

## ARGUMENT

I. **The District Court Did Not Abuse Its Discretion in Denying Ms. Freeman's Motion to Vacate the Dismissal on Grounds of "Excusable Neglect."**

The district court correctly found no justification for reopening Ms. Freeman's case. "Reversal of a district court's denial of a Rule 60(b) motion is rare because Rule 60(b) authorizes relief in only the most exceptional of cases." *Int'l Bhd. of Elec. Workers v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002). And abuse of discretion is found only "if the district court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." *Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir. 1999) (citation and internal quotation marks omitted). Ms. Freeman's is not an "exceptional" case, but rather one showcasing basic professional carelessness. The district court acted well within its

Appellate Case: 13-3556   Page: 17   Date Filed: 02/10/2014 Entry ID: 4122453

discretion in finding that Mr. Timko knew of the CM-ECF registration requirement, or should have known had he monitored developments in the case.

Although the district court's exercise of discretion would be unexceptionable even in a run-of-the-mill case, Judge Wilson enjoyed a wider scope of discretion given his role in this large and long-running MDL proceeding. This Court recognizes generally that "administering cases in multidistrict litigation is different from administering cases on a routine docket." *Gaydos*, 496 F.3d at 867. The Court has recognized that principle in this same MDL proceeding, involving the same order requiring updated medical authorizations and the same penalty for a plaintiff's failure to comply. *Heth*, 423 F. App'x at 660–61 (upholding dismissal for failure to prosecute where Judge Wilson "set[] a firm deadline . . . for compliance [and] warned that failure to comply could result in dismissal for failure to prosecute"); *see also Gaydos*, 496 F.3d at 867 ("MDL courts must be able to establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial[,]" and "must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders.") (citations and internal quotation marks omitted); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983) (dismissal for failure to prosecute and refusal to vacate the dismissal were proportionate sanctions in light of the "policies of preventing undue

12

delay, avoiding court congestion, and preserving respect for court procedures")
(citation omitted).

The neglect in this case is not excusable, given the relevant factors: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." *Gaydos*, 496 F.3d at 866–67 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).[6]

### A. Ms. Freeman Has Given No Good Reason for the Several Delays in Registering for CM-ECF, Supplying an Updated Authorization, and Moving to Vacate the Dismissal.

The *Pioneer* "factors do not carry equal weight; ***the reason for delay is a key factor in the analysis***." *Id.* at 867 (emphasis added) (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)). Here, Ms. Freeman provides no satisfactory reason for her counsel's delay in registering for CM-ECF filing in the Eastern District of Arkansas once her case was transferred there, and, thus, for her delay in (i) providing an updated authorization, (ii) responding to Wyeth's motion to dismiss, and (iii) moving to vacate the dismissal. In *Gaydos*, also an

---

6  It makes no difference that the neglect was Mr. Timko's and not Ms. Freeman's own. In assessing whether neglect is excusable, clients must "be held accountable for the acts and omissions of their chosen counsel." *Pioneer Inv. Servs. Co.*, 507 U.S. at 397.

Appellate Case: 13-3556    Page: 19    Date Filed: 02/10/2014 Entry ID: 4122453

MDL case, this Court rejected plaintiffs' arguments that failure to receive notice due to their counsel's submission of an erroneous email address justified relief under Rule 60(b)(1). *Id.* at 867–68. As in that case, Ms. Freeman's arguments for failing to receive notice of the filings in her case "epitomize the type of professional carelessness that [this Court] ha[s] held does not warrant relief under Rule 60(b)." *Id.* at 868; *see also Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997) ("Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness.") (citation and internal quotation marks omitted).

### 1. Only extreme carelessness can explain counsel's failure to read and heed the district court's order to register.

The clerk of court filed the Transfer Memorandum in the docket immediately upon the case's transfer from the Southern District of New York to the Eastern District of Arkansas. That Memorandum instructed counsel, "[I]f you have not previously registered for electronic filing in the Eastern District of Arkansas, you *must complete the enclosed Electronic Case Filing Registration Form* and submit it to the Clerk's office." Pl. App. 79. The Transfer Memorandum cited the district court's earlier order to the same effect. Had Mr. Timko consulted it, he would have read the Court's emphatic instruction that "*all* counsel . . . *must* register on CM-ECF" and "[a]ll counsel are *directed* to register, here and now." Wyeth

14

App. 1 (emphasis in original). It is enough to establish *in*excusable neglect that Mr. Timko did not register when ordered to do so, nor for the next four years.

It stands to reason that, when a client's case is transferred to a different forum – and particularly when the different forum is an MDL proceeding that is already well underway – the lawyer should familiarize himself with the local rules in the new forum and the extant orders in the MDL proceeding. Ms. Freeman acknowledges that the courts recognize a lawyer's duty to monitor the docket, Pl. Brief 10, but she does not explain why Mr. Timko should be excused for failing to make even the most basic inquiry about the ground rules in the MDL proceeding.

Mr. Timko's conduct is even more inexplicable and inexcusable if one takes him at his word that he "monitored the docket" from May 2009 to November 2012. Pl. Brief 4 ("During that time, the undersigned monitored the docket."). If he was monitoring the docket in May 2009, when the *Freeman* docket contained only three entries,[7] how could he have missed the order to register for CM-ECF filing? And, if he was monitoring the docket in November 2012, when the fourth and most recent entry was the district court's order designating Ms. Freeman's case for discovery and directing her to provide an updated authorization,[8] how could he have missed that? As in *Gaydos*, Mr. Timko's oversight is "the type of

---

[7]   Pl. App. 153.

[8]   Wyeth App. 9.

Appellate Case: 13-3556     Page: 21     Date Filed: 02/10/2014 Entry ID: 4122453

professional carelessness that [this Court] ha[s] held does not warrant relief under Rule 60(b)." *Gaydos*, 496 F.3d at 868.

Mr. Timko offers a series of excuses for his carelessness, none of which do.

### 2. It was not reasonable to believe that CM-ECF registration in the Southern District of New York was sufficient.

Mr. Timko was registered for CM-ECF in the transferor district (the Southern District of New York). His first excuse is that he "was under the mistaken belief that CM/ECF registration in the Southern District of New York was sufficient." Pl. Brief 4, 15. We question whether that mistaken belief was a reasonable one for any attorney admitted to practice in federal court, much less an experienced practitioner.[9] But, even assuming that Mr. Timko had no familiarity with MDL practice and that at the time of the case's transfer to the Eastern District of Arkansas he reasonably held the belief that further registration would not be required, nothing excuses (i) his failure to monitor the *Freeman* individual docket in the MDL proceedings, or, if he did monitor the docket, as he says he did, (ii) his failure to read and heed the clerk's instruction and the court's order.[10]

---

[9]  Mr. Timko is a name partner in Kahn Gordon Timko & Rodriques, P.C.

[10]  Mr. Timko's related excuse, that he assumed no registration was necessary because he "was listed on the docket sheet," Pl. Brief 20, also strains credulity. Appearance on the docket sheet is not synonymous with CM-ECF registration, and Judge Wilson's Order, to which the Transfer Memorandum pointed counsel, left no doubt about the matter: "Again, *all* counsel (*including local counsel in individual cases who appear on docket sheets transferred to the Eastern*

Appellate Case: 13-3556   Page: 22   Date Filed: 02/10/2014 Entry ID: 4122453

### 3. Counsel's failure to register was not Liaison Counsel's fault.

Ms. Freeman blames Plaintiffs' Liaison Counsel for Mr. Timko's failure to register and be aware of the district court's orders in her case. But she mischaracterizes the role of Liaison Counsel, which was never to serve as postmaster for activity in the thousands of individual dockets that were part of MDL-1507. Plaintiffs' Liaison Counsel's role was to advise all plaintiffs' counsel of MDL developments that affected all plaintiffs and to forward orders entered in the general MDL docket. Ms. Freeman acknowledges this basic fact in quoting Practice and Procedure Order No. 1 and herself adding the bracketed insertion: "'Plaintiffs' liaison counsel will provide a copy to incoming counsel of all Orders *[on the main docket]* regarding practice and procedures in this Court.'" Pl. Brief 15 (emphasis added).[11]

---

*District of Arkansas*) *must* register on CM-ECF. . . ." Wyeth App. 1 (underlining added).

[11] Somewhat inconsistently, Ms. Freeman suggests that language in the court's August 11, 2005 "Superceding Standing Order" (attached to the Transfer Memorandum) required Plaintiffs' Liaison Counsel to transmit the notices in her case to Mr. Timko. Pl. Brief 4, 20. As noted above, the court's later September 19, 2005 order directed all counsel in no uncertain terms to register for CM-ECF filing and explained that Judge Wilson had in July 2005 "notified all parties that electronic filing had arrived in the Eastern District of Arkansas." Wyeth App. 1. In that context, and with specific reference to pending motions in cases just transferred to MDL-1507, the Superceding Standing Order directed Liaison Counsel to advise those plaintiffs' counsel who had "not yet" registered of recent filings. Pl. App. 81. In short, the Order imposed a stop-gap obligation on Plaintiffs' Liaison Counsel for the short time it would take counsel new to

17

The problem here was not that Mr. Timko was unaware of an order on the MDL general docket,[12] but that he failed to read the two orders (out of only four entries between May 2009 and November 2012) on the *Freeman* individual docket. The Transfer Memorandum and Judge Wilson's discovery order were filed there. Wyeth App. 9.

### 4. Counsel's failure to register was not Wyeth's fault.

Not less than ten times Ms. Freeman claims that Wyeth is at fault, asserting that Wyeth made a "deliberate choice" not to serve her counsel, "abused discovery tools," engaged in "'Rambo' tactics calculated for dismissal," and the like. In support of these accusations, Ms. Freeman quotes from briefs filed by other MDL plaintiffs. Notably, she does not cite a single instance when Judge Wilson gave any credence to such accusations. On the contrary, regarding Wyeth's efforts to obtain the updated medical authorizations ordered by the court, Judge Wilson directed his displeasure exclusively to plaintiffs' counsel. In his inimitable way, he warned plaintiffs' counsel in August 2012:

> Defendants filed Motions to Dismiss for Failure to
> Provide Updated Medical Authorizations in several
> individual cases. When Plaintiffs respond, they provide

---

the MDL to register, as ordered. The Superceding Standing Order – even if Mr. Timko ever read it – does not excuse his failure to register for four years.

[12] Pl. Brief 12 (claiming that Liaison Counsel's failure to forward orders "left [her] to decipher a docket consisting of, as of late 2013, about 3,000 numbered docket entries").

Appellate Case: 13-3556    Page: 24    Date Filed: 02/10/2014 Entry ID: 4122453

the updated authorization, and the motions are denied as moot.  Plaintiffs' counsel should read the below:

> ***The Court is becoming quite testy with Plaintiffs' counsels' failure to update these medical authorizations as directed***.  I haven't dismissed a case because of this because I hate to deny a Plaintiff her day in court because of a lawyer's lack of diligence (euphemistically speaking).
>
> If this trend continues I'm going to do sumpin', although I don't know what "sumpin'" will be at this point in time.

Pl. App. 76 (emphasis added).[13]

Not only do Judge Wilson's findings contradict Ms. Freeman's effort to place the blame on Wyeth; her own statements in the district court contradict what she claims now.  In moving to vacate the order of dismissal, Ms. Freeman had no criticism of Wyeth.  She told Judge Wilson: "We do not attribute any filing quirks to the bad faith of Defendants, nor do we challenge their veracity. . . ."  Pl. App. 211.

As an afterthought, as well as an argument that was not presented to the district court, Ms. Freeman's attempt to excuse Mr. Timko's carelessness by blaming Wyeth is neither credible nor properly before this Court.  *See Browning v. President Riverboat Casino-Missouri, Inc.*, 139 F.3d 631, 637 (8th Cir. 1998)

---

[13]  More specifically, Judge Wilson has never faulted Wyeth for relying on ECF filing for effective service.  It was to achieve the efficiencies of such service that he ordered all counsel to register for CM-ECF filing.

19

("Because [the party] did not raise this issue before the district court, [the Court] will not consider the argument on appeal.").

*   *   *

For these reasons, Ms. Freeman's excuses for delay are unpersuasive and insufficient to show that the district court abused its discretion. The facts amply support the district court's conclusion that Mr. Timko "was aware or should have been aware" of the court's orders in the *Freeman* case. Pl. App. 221. Ms. Freeman faults the brevity of the district court's analysis, but it is to the point. *Lowry*, 211 F.3d at 463 ("[T]he excuse given for the late filing must have the greatest import."); *Feeney v. AT & E, Inc.*, 472 F.3d 560, 563 (8th Cir. 2006) ("The district court's analysis focused exclusively on the reason for Mitan's default and concluded, correctly in our view, that Mitan's failure to respond to the motion for summary judgment was due to his own neglect in failing to check his mail.").

### B.    Ms. Freeman's Delay Prejudiced Wyeth.

The first two *Pioneer* factors – prejudice to the non-moving party and impact on the proceedings – overlap,[14] and here they counsel against finding excusable neglect. In *Gaydos*, which concerned a multidistrict litigation involving approximately 1,400 plaintiffs, the Court recognized that delay in the discovery process can result in substantial burdens on defendants and the district court.

---

[14]    *See Gaydos*, 496 F.3d at 867 (considering the two factors together).

20

*Gaydos*, 496 F.3d at 867. The *In re Prempro* MDL involved 8,000 plaintiffs, and, in November 2012, when the district court ordered Ms. Freeman to provide an updated authorization, the MDL proceedings were drawing to a close after ten years. The court had just tried the seventh bellwether case, the claims of more than 7,000 plaintiffs had been dismissed or resolved by settlement, and fewer than 1,000 plaintiffs remained. By January 2013, less than 200 plaintiffs remained, of which Ms. Freeman was one.

In effect, Ms. Freeman had been standing in line waiting since 2009 for her case to be called for discovery. That she and her counsel were not ready when called was prejudicial to the timely wrapping up of the MDL proceedings, as was her nine-month delay in moving to vacate the dismissal of her case.

### C. Ms. Freeman's Conduct Did Not Reflect Good Faith.

Movants do not act in good faith when their conduct demonstrates "a blatant disregard for the deadlines and procedure imposed by the court." *Gaydos*, 496 F.3d at 867. Ms. Freeman's counsel, who was asleep at the wheel for years, exhibited such blatant disregard. Ms. Freeman's lack of good faith is further evidenced by her inconsistent arguments before the district court and on appeal, which reflect an escalating effort to shift the blame away from the carelessness of her own counsel. The good faith factor thus also supports affirming the district court's conclusion that Ms. Freeman has not shown excusable neglect.

21

## II. Failure to Receive Notice Does Not Justify Rule 60 Relief Where It Results from Disregard of Court Orders and Inattention to the Case.

In moving to vacate, Ms. Freeman relied solely on Rule 60(b)(1) ("excusable neglect"). In this Court, her argument that lack of notice alone warrants relief appears grounded in cases decided under Rule 60(b)(6) ("any other reason that justifies relief"). The Court should reject that argument because it was not raised below.[15]

The argument is meritless in any event. "[L]ack of notice does not ipso facto mean that a judgment must, can or should be reopened." *Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963). Rather, relief is still subject to "the proper exercise of discretion by the district court considering all of the circumstances present in a given case." *Id.* at 543. In appropriate circumstances, relief from judgment may be warranted when a litigant has failed to receive notice of dispositive filings through no fault of his own. The Second Circuit, for example, upheld an order granting a motion to vacate dismissal where "the District Court was convinced by record proof that the plaintiff and his predecessors and attorneys had not received notice of the dismissal until [over a year later], and *would not have learned of the dismissal in the diligent prosecution of their suit*." *Cavalliotis v. Salomon*, 357 F.2d 157, 159 (2d Cir.

---

[15]   *See* p. 19–20, *supra.*

Appellate Case: 13-3556     Page: 28     Date Filed: 02/10/2014 Entry ID: 4122453

1966) (emphasis added).  But cases recognizing that extenuating circumstances, such as incarceration and illness, may warrant Rule 60 relief are inapposite here. [16] There is no suggestion that Mr. Timko was encumbered by anything other than his own professional carelessness.

## CONCLUSION

For the foregoing reasons, the Court should affirm the judgment below.

Respectfully submitted,

F. Lane Heard III
Tanya M. Abrams

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC  20005-5901
(202) 434-5000
*lheard@wc.com*

---

[16] *Compare Klapprott v. United States*, 335 U.S. 601, 603–07 (1949) (litigant was pro se, seriously ill, and in prison when he failed to answer immigration complaint); *Pierre v. Bernuth, Lembcke Co.*, 20 F.R.D. 116, 117 (S.D.N.Y. 1956) (litigant was incarcerated in mental institution when he failed to respond to calendar call).  Ms. Freeman's reliance on *Lord v. Helmandollar*, 348 F.2d 780 (D.C. Cir. 1965), is also misplaced.  Pl. Brief 9.  The opinion did not address whether the district court properly granted plaintiffs' motion to vacate summary judgment, but only the effect of the grant on the running of the time to appeal.  *Id.* at 782.

Appellate Case: 13-3556     Page: 29     Date Filed: 02/10/2014 Entry ID: 4122453

Lyn P. Pruitt

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525
(501) 688-8800
*lpruitt@mwsgw.com*

*Attorneys for Appellees Wyeth, Inc. and
Wyeth Pharmaceuticals, Inc.*

DATED:  February 7, 2014

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation imposed by Fed. R. App. P. 32(a)(7)(B)(i) because it contains 5,835 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), according to the Microsoft Office Word 2007 word-count feature.

s/ Tanya M. Abrams

Appellate Case: 13-3556     Page: 31     Date Filed: 02/10/2014 Entry ID: 4122453

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February 2014 I electronically filed the foregoing Brief of Appellees with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

F. Lane Heard III

WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005-5901
(202) 434-5000
*lheard@wc.com*

## CERTIFICATE RE VIRUSES

The foregoing Brief has been scanned for viruses and is virus-free.

s/ Tanya M. Abrams